### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUAN MOLINA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-377** |
| **H & O INVESTMENTS LLC, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Defendants, H & O Equipment LLC, Randall Gomez, Rick Summers, and Roy H. Maughan, Jr. ("the movants"), appearing only for the limited purpose of bringing the present motion, have filed a motion[1] to dismiss for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  The only defendants who are not parties to the motion are David Mahler, Jr. and Karen Stirling.  The movants request that the Court either dismiss them from this action or, in the alternative, quash the return of service as improper.[2]  Plaintiffs have not filed an opposition.

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Wallace v. St. Charles Parish Sch. Bd.*, No. 04–1376, 2005 WL 1155770, at *1 (E.D. La. May 5, 2005).  "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). "When service of process is challenged, the serving party bears the burden of establishing its validity." *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011).  But "[t]he general rule is that a signed return

---

[1] R. Doc. No. 6.
[2] R. Doc. No. 6, at 1.

of service constitutes *prima facie* evidence of valid service, which can be overcome only by strong and convincing evidence." *Id.*

In this case, plaintiffs attempted to serve all defendants by serving defendant, David Mahler, Jr., at the offices of H & O Investments, LLC, which is located at 17425 Opportunity Ave., Baton Rouge, LA 70817.[3]  The movants explain in their motion that service was improper at that address because H & O Investments, LLC is a different company than defendant, H & O Equipment LLC.[4]  They assert that the registered agent for service of process of H & O Equipment LLC is not David Mahler, Jr., but rather is defendant, Roy H. Maughan, Jr.[5]  Pursuant to the federal rules, service of H & O Equipment LLC via the registered agent of another company was improper.[6]  Because plaintiffs have not served H & O Equipment LLC in compliance with Rule

---

[3] R. Doc. No. 5.

[4] R. Doc. No. 6-1, at 5.

[5] R. Doc. No. 6-1, at 6.

[6] Indeed, Rule 4(h)(1) of the Federal Rules of Civil Procedure provides only two methods of serving a limited liability company located in the United States, apparently neither of which were utilized here.

First, a plaintiff may effect service under state law.  Louisiana law provides that service of process on a domestic or foreign limited liability company is made by personal service on any one of its agents for service of process.  *See* La. Code Civ. P. art. 1266(A), 1232.  Article 1266 further provides that, "[i]f the limited liability company has failed to designate an agent . . . or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent," service of process may be made by any of the following methods:

(1)     Personal service on any manager if the management of the limited liability company is vested in one or more managers or if management is not so vested in mangers, then on any member.

(2)     Personal service on any employee of suitable age and discretion at any place where the business of the limited liability company is regularly conducted.

(3)     Service of process under the provisions of R.S. 13:3204, if the limited liability company is subject to the provisions for R.S. 13:3201.

4(h)(1) of the Federal Rules of Civil Procedure, the movants argue that H & O Equipment LLC should be dismissed.

With respect to the remaining movants—Randall Gomez, Rick Summers, and Roy H. Maughan, Jr.—those individuals are not domiciled at the address plaintiffs served and those defendants were not personally served. [7]   Service was therefore also improper as to those individuals.

Having considered the motion, and given that none of the movants' allegations have been denied by plaintiffs, the Court concludes that the movants have overcome the *prima facie* evidence of proper service.  Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and that H & O Equipment LLC, Randall Gomez, Rick Summers, and Roy H. Maughan, Jr. are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, March 18, 2016.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

A plaintiff may alternatively make personal service on the Secretary of State, or a designated person in his office, after the process server certifies his inability to make service in accordance with Article 1266.  La. Code Civ. P. art. 1267.

Second, Rule 4(h)(1) provides for service upon a limited liability company "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."  *See Pellerin-Mayfield v. Goodwill Industries*, 2003 WL 21474649, *1, *1 (E.D. La. 2003) (Vance, J.).  The rule also "contemplates that, in addition to delivering a copy of the summons and complaint to the registered agent of a corporation, certain statutes may require that a copy of the summons and complaint be sent by mail to the defendant [company] as well."  *Id.* at n. 2.

[7] Pursuant to Rule 4(e), federal litigants may use the procedural methods of service of process provided by the state in which the district court is located, *see* Fed. R. Civ. P. 4(e)(1), or they may serve defendants by either personal or domiciliary service as defined in Rule 4(e)(2).  Louisiana Code of Civil Procedure articles 1201–1203 and 1231–1237 provide the state rules with respect to service on individuals, and they require domiciliary or personal service except in limited circumstances that defendants claim are not present here.